UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK ADAMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16CV01011 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Movant seeks relief from his conviction for brandishing a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c), alleging his conviction for Bank Robbery no longer qualifies as a crime of violence because 18 U.S.C. § 924(c)(3)(B)—the so-called residual clause—is unconstitutionally vague. Movant applied for a stay of this proceeding pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court granted the stay. On June 24, 2019, the Supreme Court issued its decision in *Davis*. Thereafter, the Court ordered the parties to file status reports.

In *Davis* the Supreme Court held that the "residual" clause of § 924(c) was unconstitutionally vague. The Court described the statutory definitions:

> The statute proceeds to define the term "crime of violence" in two
> subparts—the first known as the elements clause, and the second the residual

clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

139 S.Ct. at 2324. Following the earlier cases, the Court went on to hold the residual clause unconstitutionally vague, but that holding did not affect the "elements" clause, which is also referred to as the "force" clause.

Subsequent to *Davis*, the Eighth Circuit Court of Appeals has found the use of force is an element of bank robbery.

> *Davis* does not apply to [Movant's] conviction. *See Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (bank robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *see also Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam) (armed robbery categorically qualifies as crime of violence under use-of-force clause of § 924(c)(3)(A); *Davis* does not apply where predicate offense qualifies under use-of-force clause).

*United States v. Gathercole*, 795 F. App'x 985 (8th Cir. 2020).

Movant was convicted of bank robberies pursuant to 18 U.S.C. § 2113(a) and (d), which fall under the force clause in § 924(c)(3)(A). Thus, bank robbery is covered by the elements/force clause and has not been affected by the cases involving the residual clause definition. Bank robbery is a crime of violence under

the statutory definitions. *See Estell*, 924 F.3d at 1291. Therefore, his conviction pursuant to § 924(c) is valid and he is not entitled to habeas relief.

## **CERTIFICATE OF APPEALABILITY**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. Nos. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 6th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE